E-FILED
Tuesday, 05 May, 2026  09:40:05 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MICHAEL J. MORGAN and RACHEL L. MORGAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 26-cv-3094 |
| WEST BEND MUTUAL INSURANCE COMPANY a/k/a The Silver Lining, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiffs Michael J. Morgan's and Rachel L. Morgan's ("Plaintiffs") Motion to Remand (d/e 10). Because Defendant does not establish that this Court has diversity jurisdiction over this matter, Plaintiffs' Motion (d/e 10) is GRANTED and this matter is REMANDED to the Circuit Court of Mason County, Illinois.

## I.   BACKGROUND

Plaintiffs are residents of Mason County, Illinois. See d/e 10, p. 7; d/e 7, p. 1. Defendant is an insurance company incorporated

in Wisconsin, doing business in Illinois, with primary headquarters located at 1900 South 18th Avenue, West Bend, Wisconsin, 53095. See id. Plaintiffs entered into an insurance contract with Defendant to provide home insurance coverage for Plaintiffs' ownership of their property ("the property") located at 615 E. Jefferson Street, Havana, Illinois, 62644, situated in Mason County, Illinois. See d/e 10, pp. 7-8; d/e 7, pp. 1-2.

On or about February 6, 2024, the Plaintiffs experienced a house fire in the dwelling located on the property. See d/e 10, p. 8; d/e 7, p. 3. Plaintiffs claim that the fire damaged the dwelling and that, immediately after the fire damage occurred, Plaintiffs promptly notified their agent, who filed a claim with Defendant regarding the loss relative to the property. See d/e 10, p. 8. On February 4, 2025, Defendant's Senior Claims Representative Nate Horrie sent Plaintiffs a letter stating, in relevant part, "[t]his letter is to advise you that your claim is denied[.]" See d/e 10, pp. 9, 83; d/e 7, p. 4.

On February 4, 2026, Plaintiffs filed a two-Count complaint in the Circuit Court of Mason County, Illinois. See d/e 10, pp. 7-14. Count I alleges that Defendant's failure and refusal to pay the insurance claim and the damages relevant to the fire damage loss to

the property constitutes a breach of the parties' homeowner's insurance contract and that Defendant should be required to pay the claim and damages. Id. at pp. 9-10. Count II alleges that Defendant's conduct in handling Plaintiffs' claim was vexatious and unreasonable, caused Plaintiffs to suffer damages, and renders Defendant liable for statutory relief, including reasonable attorneys' fees, costs, and additional damages, pursuant to Section 155 of the Illinois Insurance Code. Id. at p. 11.

On March 17, 2026, Defendant filed a Notice of Removal (d/e 1) of this matter from the Illinois Circuit Court of Mason County, Cause No. 2026-LA-1, to the United States District Court for the Central District of Illinois, Springfield Division. See d/e 1, p. 1. On April 15, 2026, Plaintiffs filed a Motion to Remand (d/e 10). Defendant did not file a response, which would have been due by April 29, 2026. See d/e 10 (docket entry text).

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. §1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Pursuant to 28 U.S. Code § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States."

"Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Specifically, "the party seeking to invoke federal diversity jurisdiction...bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met." Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997).

### III.    ANALYSIS

Defendant's Notice of Removal (d/e 1) references the amount in controversy in this matter two times. First, Defendant states:

Plaintiffs' Complaint alleges that their damages resulting from the breach of contract are in excess of $50,000.00. Ex. A, Count I "WHEREFORE clause." Additionally, Plaintiffs' Complaint alleges damages in excess of $50,000 for their vexatious refusal claim, including an award of damages for delay, out of pocket expenses, and attorneys fees. Ex. A, ¶37; Count II WHERFORE clause. On the face of the two claims, Plaintiffs' alleged damages exceed $75,000.00. Ex. A.

Id. at p. 3. Second, Defendant states that "Plaintiffs' Complaint seeks a total amount of damages in excess of $100,000, and therefore, the amount in controversy exceeds $75,000.00." Id.

While Defendant's reading of Plaintiffs' Complaint is possible, the Complaint does not require such a reading. Plaintiffs' Complaint states that Plaintiffs' "damages are in excess of $50,000" before listing the two discreet counts. See d/e 10, p. 9. Plaintiffs' Complaint then concludes each Count with the same sentence:

WHEREFORE, Plaintiffs, MICHAEL J. MORGAN and RACHEL L. MORGAN, respectfully request this Honorable Court enter judgment in their favor against [the] Defendant, WEST BEND MUTUAL INSURANCE [COMPANY], for damages in excess of $50,000.00 relative to the fire damage loss at the subject property, award them their costs of suit, and for such other and further relief as deemed equitable and just.

Id. at pp. 10, 12.

The Court reads Plaintiffs' Complaint, cohesively, as claiming that Plaintiffs are owed damages "in excess of $50,000" (id. at p. 9) and then alleging two reasons—Defendant's purported breach of contract (id. at p. 10) and Defendant's purported violation of Section 155 of the Illinois Insurance Code—"WHEREFORE" Plaintiffs are entitled to "damages in excess of $50,000.00." Id. at pp. 10, 12. It goes without saying that "damages in excess of $50,000.00," id., do not necessarily "exceed[] the sum or value of $75,000" as required to establish diversity jurisdiction. See 28 U.S. Code § 1332(a)(1).

Further, Plaintiffs assert in their Motion for Remand (d/e 10), and Defendant does not timely refute, that "the total amount in controversy in this case does not exceed $75,000, exclusive of interest and costs" and that Plaintiffs "will neither seek nor accept any judgment, award, or settlement in this matter in excess of $75,000, exclusive of interest and costs." d/e 10, p. 86. The Court notes that "[t]he plaintiff is the master of the complaint, and generally has the right to choose whether to proceed in federal or state court." Hain Celestial Grp., Inc. v. Palmquist, 146 S. Ct. 724 (2026) (internal quotations omitted) (citing Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025)).

Given a plain reading of Plaintiffs' Complaint, as well as Plaintiffs' uncontested assertions in their Motion for Remand (d/e 10), the Court finds that Defendant does not carry its "burden of demonstrating that the...amount in controversy requirement[] [is] met" as required "to invoke federal diversity jurisdiction" under 28 U.S. Code § 1332(a)(1) and therefore "remove[]...[this action] to the district court[.]" See Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997); see also 28 U.S.C. § 1441(a).

## IV.   CONCLUSION

Defendant does not establish that "the matter in controversy" in this case "exceeds the sum or value of $75,000" as required for this Court to have diversity jurisdiction over this matter. See 28 U.S. Code § 1332(a)(1). Therefore, Plaintiffs' Motion to Remand (d/e 10) is GRANTED and this matter is REMANDED to the Circuit Court of Mason County, Illinois.

**ENTERED: May 4, 2026.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**